**PORZIO, BROMBERG & NEWMAN, P.C.**
Gary M. Fellner, Esq.
100 Southgate Parkway
Morristown, NJ  07962-1997
(973) 538-4006
Attorneys for Plaintiff Skyworks Solutions, Inc.
gmfellner@pbnlaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIG 110, LLC,<br><br>Defendant. | Civil Action No. 21-cv-14684<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Skyworks Solutions, Inc., ("Skyworks" or "Plaintiff"), by its attorneys, Porzio, Bromberg & Newman, P.C., as and for its Complaint against Defendant Sig 110, LLC ("Sig 110" or "Defendant"), alleges as follows:

### INTRODUCTION

1. Skyworks brings this action for declaratory relief against Sig 110, Skywork's landlord, under a commercial lease concerning premises of approximately 21,000 square feet on the first floor at the Offices at Liberty Corner, Basking Ridge, New Jersey 07920.

2. The lease commenced on December 1, 2016 and has a term of eight years and eight months, expiring July 31, 2025.  The lease affords Skyworks a one-time right to terminate the lease early, effective April 1, 2022, if advance notice of at least nine months is given.  If notice is provided, as Skyworks did, then an obligation of Skyworks exists to pay Sig 110 for certain expenses, including costs Sig 110 paid, if any, for tenant improvements when Skyworks first took occupancy.

1

6501504

3. Skyworks has satisfied its obligation to give advance notice of the early termination by letter dated March 10, 2021. The termination, therefore, is effective April 1, 2022. Monthly rental payments continue as of this date as required.

4. Sig 110 does not dispute that Skyworks provided proper notice of the termination and has vacated the premises. Nonetheless, Sig 110 avers that unless Skyworks pays Sig 110 the amounts listed in current construction "estimates" for alleged tenant improvements to the premises, without either giving Skyworks any proof of actual payment made or establishing which tenant improvements were made for Skyworks' specific benefit, Sig 110 will deem the early termination notice void and compel further rent payments through the full lease term, *i.e.,* through July 2025.

5. Skyworks has advised Sig 110 that no payment for tenant improvement are due without Sig 110 showing Skyworks: (a) which tenant improvements were actually made for Skyworks' leasehold upon commencement of the term, or thereafter, for its benefit, and (b) proof of payment for such tenant improvements. Sig 110 has done neither.

6. Skyworks, therefore, requests a declaration from this Court that it properly exercised its lease termination option by giving the required advance notice and that it does not owe Sig 110 any moneys for rent after April 1, 2022.

7. Skyworks additionally requests a declaration that it owes no monies due to its early lease termination for "unamortized costs of the Tenant Improvements (paid by Landlord)," as specified in the parties' lease, as Sig 110 has demanded, without appropriate verification. As explained below, Skyworks also disputes amounts demanded for other expenses claimed due without Sig 110 providing reasonable verification or payment.

## THE PARTIES

8. Skyworks is a corporation duly organized under the laws of the state of Delaware, and maintains its principal place of business at 5260 California Avenue, Irvine, California 92617.

9. Upon information and belief, SIG 110 is a limited liability company that owns the commercial premises located at 110 Allen Road, Liberty Corner, New Jersey, and leased such space to Skyworks.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff is a citizen of Delaware and California for purposes of federal diversity jurisdiction. Defendant, upon information and belief, is owned by individuals or entities that are citizens of the State of New Jersey and is thus a citizen of New Jersey for diversity purposes. Upon information and belief, Defendant is not a citizen of either Delaware or California.

12. This Court has personal general jurisdiction over Sig 110 in that it owns property in New Jersey. In addition, upon information and belief, Sig 110 is a domestic limited liability company formed in New Jersey on January 22, 2018 and is headquartered in Cranford, New Jersey.

13. Specific jurisdiction also exists because this action arises from a lease of real property in New Jersey that was entered into by Sig 110 and subjects it to the personal jurisdiction of this Court.

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claim occurred in this Judicial

District, and Defendant is subject to the Court's personal jurisdiction with respect to the conduct described below.

## STATEMENT OF FACTS

### *The Lease*

15. Skyworks and Sig 110 entered into a lease agreement for the subject commercial space consisting of 21,793 square feet of space at 110 Allen Road, Liberty Corner (Basking Ridge), New Jersey on August 31, 2016 (the "Lease").[1] The Commencement Date of the Lease is December 1, 2016. A true copy of the Lease is attached as **Ex. A.**

16. The term of the lease is eight years eighth months, expiring July 31, 2025.

17. Prior to taking occupancy, Skyworks incurred significant construction costs to build out the premises, including for electrical work, plumbing, HVAC, work stations, and flooring.

### *Skyworks Terminated the Lease Early as Authorized by Article 38*

18. The Lease provides for Skyworks' one-time Termination Option at the 64th month anniversary of the Lease Commencement Date, or April 1, 2022. To exercise the option, it was agreed that Skyworks must provide Sig 110 with at least nine months prior written notice. Article 38 of the Lease states:

> Tenant will have a one (1) time option to terminate ("Termination Option") the lease effective as of the sixty four (64) month anniversary of the Commencement Date. Tenant must provide Landlord with at least nine (9) months' prior written notice of its decision to exercise such option. If tenant exercises the Termination Option, it will be required to pay Landlord for all unamortized costs of the Tenant Improvements (paid by Landlord), abated rent and brokers' commissions as penalty." If Tenant does not exercise the Termination Option, Tenant will receive abatement of Base Rent as described in Section 3.1 above.

Lease at Article 38, as **Ex. A.**

---

[1] The Lease concerns office space of 14,915 sq. ft and lab space of 6,878 sq. ft.

6501504

19. By letter dated March 10, 2021, long after vacating the premises, Skyworks notified Sig 110 that it was exercising its Termination Option, and that the Lease would terminate as of April 1, 2022, or 64 months from the Lease Commencement Date. *See* Termination Letter attached as **Ex. B**. Skyworks thus gave Sig 110 almost one year's advance notice of its early termination.

20. Skyworks advised Sig 110 in the Termination Letter that, pursuant to Article 38 of the Lease, it agrees to pay abated rent and brokers' commissions, and "will pay unamortized costs of Tenant Improvements paid by Landlord, if any, which are supported by documentation substantiating Landlord's actual costs or expenses." (*Id.*)

21. On or about April 26, 2021, Sig 110 provided Skyworks with an early termination fee calculation and demanded that Skyworks, in addition to paying Sig 110 for abated rent and brokers' commissions as set forth in Article 38 of the Lease, must pay Sig 110 several hundreds of thousands of dollars for tenant improvements allegedly made.[2] This calculation was not substantiated either with any proof of payment as required by the Lease, or with proof of actual tenant improvements done for Skyworks' benefit beyond the buildout improvements that (a) Skywork itself performed and paid for, or (b) were part of basic build-out construction costs that SIG 110's predecessor-in-interest paid for and were not tenant improvements under the Lease.

22. By letter dated June 16, 2021, Skyworks notified Sig 110 that it disputes that any tenant improvements costs are owed given that Sig 110 can provide no proof of payment made as

---

[2] Sig 110 demanded that Skyworks pay $293,529 for brokerage commissions allegedly paid without providing any documentation, $355,461 for abated rent, and more than $650,000 for tenant improvements. Sig 110 subsequently revised the amount "estimated" to be due for tenant improvements, but again provided absolutely no back-up verification to support payments made for tenant improvements.

5

required under the Lease.  Skyworks further advised Sig 110 that based on its research of its own files, no tenant improvements beyond the basic buildout work were made.  Skyworks stated that this will remain its position until and unless documentation is provided by Sig 110 evidencing otherwise.

23. No such documentation has been provided by Sig 110 to date.  The only documents Sig 110 has provided have been estimates that purport to support its demands.

24. Skyworks also requested in its June 16 letter proper documentation to support Sig 110's claim for payment of brokers' commissions of over $293,000.  Though Sig 110 demanded such amount, it was neither substantiated with proof of payment nor with any invoice.  Skyworks reasonably requested back-up verification, but has not received it to date.

25. Sig 110's emailed response, dated July 13, 2021, consisted of no proof as requested.  Instead, Sig 110 gave a reduced payment demand, without back-up verification, and stated that the entire Termination Penalty, as then demanded, must be paid by July 31, 2021 "to effect your Notice," stating that Skyworks' Termination Notice will be "void" if the amount demanded is not paid.

26. In other words, Sig 110 has taken the position that unless Skyworks capitulates and pays the amount demanded, without Sig 110 having provided any verification of actual payments made as requested, Sig 110 will deem the Termination Letter, which was timely given, void, and impose liability under the Lease after April 1, 2022.  Its position is being asserted despite the fact that Skyworks has vacated the premises, gave proper advance notice of early termination as required, is continuing to pay rent and will continue to do so through April 1, 2022, and is properly asking for verification of the amounts purportedly due given that none has been shared.

27. Accordingly, a declaratory judgment is both necessary and proper in order to set forth the rights and obligations as between Skyworks and Sig 110 under the Lease.

### **FIRST COUNT**
**(Declaratory Relief – Early Termination Notice is not Void)**

28. Skyworks repeats and realleges the allegations contained in each paragraph above as if fully set forth herein.

29. An actual and justiciable controversy exists between Skyworks and Sig 110 concerning their respective rights and obligations under the Lease.

30. Specifically, Sig 110 has taken the position that unless payment as demanded by Sig 110 is paid by July 31, 2021, it will deem the Termination Notice "void."

31. A declaration is required that Skyworks properly gave advance notice that it was exercising its right of early Lease termination by giving Sig 110 more than nine months written notice of its intention to terminate as of April 1, 2022.

32. A declaration is further required that the Termination Letter given to Sig 110 is valid and in full force and effect, and that Sig 110 may not unilaterally void the Termination Letter and render it a nullity because its payment demands were not met. Any payment due, if at all, is a payment obligation pursuant to the Lease, not a condition precedent to validly exercise the early termination option.

33. A declaration is thus needed that the Lease does not require payment of free rent, brokerage commissions, or unamortized costs of tenant improvements as a condition precedent to early Lease termination. The only condition to early termination is giving advance notice of at least nine months, which Skyworks has undisputedly provided.

6501504

## SECOND COUNT
**(Declaratory Relief – Payment Obligations Have Not Ripened )**

34.  Skyworks repeats and realleges the allegations contained in each paragraph above as if fully set forth herein.

35.  Skyworks further seeks a declaration from this Court that the Lease also does not obligate Skyworks to make substantial payments to Sig 110 after Skyworks properly exercised its termination option, based on Sig 110's undocumented estimates or written demands without giving Skyworks appropriate back-up verification as it has requested.

## THIRD COUNT
**(Attorneys' Fees)**

36.  Skyworks repeats and realleges the allegations contained in each paragraph above as if fully set forth herein.

37.  Section 30.12 of the Lease states that if any party brings an action for declaratory or other relief, the prevailing party shall be entitled to reasonable attorneys' fees.  Skyworks properly seeks declaratory relief based on the facts above, and seeks a judgment awarding it all reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Skyworks respectfully requests that the Court enter judgment:

(a)  Declaring the rights and obligations of the parties concerning the Lease, including that Skyworks' Lease with Sig 110 was properly terminated early as authorized by Article 38, and that Skyworks owes no further rent after April 1, 2022;

(b)  Declaring the Termination Letter issued by Skyworks on March 10, 2021 to be valid and effective in all respects and is not void due to its non-payment of the expenses set forth in Article 38;

(c) Declaring that Skyworks does not owe money to Sig 110 due to its early Lease termination for "unamortized costs of the Tenant Improvements (paid by Landlord)" as specified in the Lease, without Sig 110 providing reasonable evidence of payment and verification of work actually performed for tenant improvements beyond either the buildout work that Skyworks performed and paid for itself, or which buildout work was completed by Sig 110's predecessor-in interest, as applicable;

(d) Declaring that Skyworks does not owe money to Sig 110 due to its early Lease termination for brokerage commissions as specified in the Lease without Sig 110 providing proof of payment and commission invoices as requested;

(e) Declaring the proper interest rate to be paid, if any, on amounts due Sig 110;

(f) Awarding Skyworks all reasonable attorneys' fees as authorized by Section 30.12 of the Lease; and

(f) Declaring and awarding such other and further relief as the Court deems just and proper.

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Plaintiff Skyworks Solutions, Inc.*
By:

        Gary M. Fellner, Esq.
        An Attorney of the Firm

Dated: August 6, 2021

6501504

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all such claims so triable.

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Plaintiff Skyworks Solutions, Inc.*
By:

Gary M. Fellner, Esq.
An Attorney of the Firm

Dated: August 6, 2021

6501504