**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Luke J. Kealy, Esq.
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095-0988
(732) 549-5600
lkealy@greenbaumlaw.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIG 110, LLC, <br><br> Defendant. | Case No.: 2:21-cv-14684-ES-JBC <br><br> ANSWER AND COUNTERCLAIM |

Defendant SIG 110, LLC ("Defendant" or "SIG 110"), a limited liability company of the State of New Jersey, with offices located at 20 Commerce Drive, Suite 110, Cranford, New Jersey 07016, by way of answer to the Complaint of plaintiff Skyworks Solutions, Inc. ("Plaintiff" or "Skyworks"), says as follows:

**AS TO THE INTRODUCTION**

1.  SIG 110 admits that the Complaint speaks for itself.

2. SIG 110 admits that the subject lease speaks for itself and denies any of the allegations contained in paragraph 2 that are inconsistent with the terms and conditions of the lease.

3. SIG 110 admits that Skyworks gave notice of its early termination of the lease by letter dated March 10, 2021 and that such letter speaks for itself, and denies any of the allegations contained in paragraph 3 that are inconsistent with the contents of the subject letter or the early termination requirements of the lease.

4. SIG 110 denies the allegations contained in paragraph 4 except to admit that Skyworks gave notice of its early termination of the lease and has vacated the premises.

5. SIG 110 denies the allegations contained in paragraph 5 except to admit that Skyworks has refused to make payment for the tenant improvements as required by the lease.

6. SIG 110 admits that the relief requested by Skyworks in the Complaint speaks for itself and denies that Skyworks does not owe any moneys for rent after April 1, 2022.

7. SIG 110 admits that the relief requested by Skyworks in the Complaint speaks for itself, and denies that it has not provided appropriate verification of the "unamortized costs of the Tenant Improvements" and other expenses being claimed.

## AS TO THE PARTIES

8. SIG 110 admits the allegations contained in paragraph 8.

9. SIG 110 admits the allegations contained in paragraph 9 except to deny that it was the original lessor of the subject space to Skyworks.

## AS TO JURISDICTION AND VENUE

10. Paragraph 10 sets forth a conclusion of law to which no response is required.

11. SIG 110 admits that it is not a citizen of the State of Delaware or the State of California, and that it is a limited liability company of the State of New Jersey with offices located in New Jersey, and lacks knowledge or information to form a belief about the citizenship of Skyworks, or whether, as a matter of law, there is federal diversity jurisdiction.

12. SIG 110 admits that it is a limited liability company of the State of New Jersey with offices located in New Jersey, and lacks knowledge or information to form a belief as to whether, as a matter of law, there is personal general jurisdiction over it.

13. SIG 110 admits that the subject lease is for real property located in New Jersey and lacks knowledge or

information to form a belief as to whether, as a matter of law, there is specific or personal jurisdiction.

14. Paragraph 14 sets forth a conclusion of law to which no response is required.

## AS TO THE STATEMENT OF FACTS

15. SIG 110 denies the allegations contained in paragraph 15 except to admit that it is the owner of the office building located at 110 Allen Road, Liberty Corner (Basking Ridge), New Jersey, and that it is the successor in interest to 110 Allen Road LLC pursuant to an office lease agreement, dated August 31, 2016, made between 110 Allen Road LLC, as Landlord, and Skyworks, as Tenant (the "Lease"), which speaks for itself.

16. SIG 110 admits that the Lease speaks for itself and denies any of the allegations contained in paragraph 16 that are inconsistent with the terms or conditions of the Lease.

17. SIG 110 lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. SIG admits that the Lease speaks for itself and denies any of the allegations contained in paragraph 18 that are inconsistent with the terms or conditions of the Lease.

19. SIG admits that Skyworks delivered a letter dated March 10, 2021, which speaks for itself, and denies any of the

4

allegations contained in paragraph 19 that are inconsistent with the contents of the letter or the requirements of the Lease.

20. SIG admits that Skyworks delivered a letter dated March 10, 2021, which speaks for itself, and denies any of the allegations contained in paragraph 20 that are inconsistent with the contents of the letter or the requirements of the Lease.

21. SIG 110 denies the allegations contained in paragraph 21 except to admit that it provided Skyworks with an early termination fee calculation and demand for payment, which speaks for itself.

22. SIG 110 admits that Skyworks delivered a letter dated June 16, 2021, which speaks for itself, and denies any of the allegations contained in paragraph 22 that are inconsistent with the contents of the letter or the requirements of the Lease.

23. SIG 110 denies that it provided no documentation, and admits that it provided estimates of the costs to perform the Tenant Improvements.

24. SIG 110 admits that Skyworks delivered a letter dated June 16, 2021, which speaks for itself, and that it has not provided documentation of the payment of broker's commissions, and denies any of the allegations contained in paragraph 24 that are inconsistent with the contents of the letter or the requirements of the Lease.

25. SIG 110 admits that it delivered an email response, dated July 13, 2021, which speaks for itself, and denies any of the allegations contained in paragraph 25 that are inconsistent with the contents of the email or the requirements of the Lease.

26. SIG 110 denies the allegations contained in paragraph 26.

27. Paragraph 27 sets forth a conclusion of law to which no response is required.

### AS TO THE FIRST COUNT

28. SIG 110 repeats its responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth herein.

29. Paragraph 29 sets forth a conclusion of law to which no response is required.

30. SIG 110 denies the allegations contained in paragraph 30 to the extent they are inconsistent with its prior communications and the requirements of the Lease.

31. Paragraph 31 sets forth a conclusion of law to which no response is required.

32. Paragraph 32 sets forth conclusions of law to which no response is required.

33. Paragraph 33 sets forth conclusions of law to which no response is required.

## AS TO THE SECOND COUNT

34. SIG 110 repeats its responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth herein.

35. SIG 110 admits that the Complaint speaks for itself and denies that the Lease does not obligate Skyworks to make payments to SIG 110.

## AS TO THE THIRD COUNT

36. SIG 110 repeats its responses to the allegations contained in the prior paragraphs of the Complaint as if fully set forth herein.

37. SIG 110 denies that Skyworks is entitled to recover attorneys' fees and any of the allegations contained in paragraph 37 that are inconsistent with the terms and conditions of the Lease, and admits that the Lease speaks for itself.

## SEPARATE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. The Complaint is barred, in whole or in part, by the terms and conditions of the Lease.

3. The Complaint is barred, in whole or in part, by one or more of the equitable doctrines of estoppel, waiver and unjust enrichment.

**WHEREFORE**, SIG 110 requests the Court enter judgment in its favor and against Skyworks as follows:

a. Dismissing the Complaint with prejudice;

b. Awarding attorneys' fees and costs; and

c. Awarding such other relief as the Court determines is equitable, fair and just.

## COUNTERCLAIM

Defendant SIG 110, LLC ("SIG 110"), by way of Counterclaim against plaintiff Skyworks Solutions, Inc. ("Skyworks"), says as follows:

### JURISDICTION AND VENUE

1. The Counterclaim set forth herein arises out of the same transactions that are set forth in the Complaint.

2. If jurisdiction is proper with respect to the Complaint, it is proper with respect to Defendant for the purpose of the Counterclaim.

3. If venue is proper with respect to the Complaint, it is proper with respect to Defendant for the purpose of the Counterclaim.

### BACKGROUND COMMON TO ALL COUNTS

1. SIG 110 is the owner of the commercial office property located at 110 Allen Road, Liberty Corner, New Jersey (the "Property").

2. SIG 110 acquired the Property in or about 2017 from the prior owner, 110 Allen Road LLC, and is the successor in interest to the rights of the prior owner and landlord in an Office Lease, dated August 31, 2016, with Skyworks, for a portion of the Property (the "Lease").

3. The Lease commenced on December 1, 2016 (the "Commencement Date") and has a term of eight (8) years and (8) months.

4. Pursuant to Exhibit E-1 of the Lease, various improvements were made to the premises being leased to Skyworks (the "Tenant Improvements").

5. Pursuant to Article 38 of the Lease, Skyworks had a one (1) time option to terminate the Lease effective as of the sixty-four (64) month anniversary of the Commencement Date (the "Termination Option"). If it exercised the Termination Option, Skyworks is required to pay to the Landlord for all unamortized costs of the Tenant Improvements (paid by the Landlord), abated rent, and brokers commissions as penalty.

6. By letter dated March 10, 2021, Skyworks notified 10 SIG that it was exercising the Termination Option, and has vacated and surrendered possession of the premises it leased at the Property.

7. Despite demands made by SIG 110, Skyworks has failed to pay SIG 110 for the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions.

## FIRST COUNT
### (Breach of Contract)

8. SIG 110 repeats the allegations contained in the prior paragraphs of the Counterclaim as if fully set forth herein.

9. Skyworks has breached the Lease by failing to pay the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions as required by the Termination Option.

10. As a result of Skyworks' failure to pay the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions as required by the Termination Option, Skyworks has breached the Lease.

11. Skyworks' breach of the Lease as set forth above has caused SIG 110 to incur damages.

**WHEREFORE**, SIG 110 requests judgment be entered in its favor and against Skyworks, as follows:

    a. Declaring Skyworks' exercise of the Termination Option to be ineffective because of its failure to make the payments required by the Termination Option;

    b. Awarding damages;

      c. Awarding interest;

      d. Awarding attorney's fees and costs; and

      e. Awarding such other relief as the Court determines is equitable, fair and just.

## SECOND COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

12. SIG 110 repeats the allegations contained in the prior paragraphs of the Counterclaim as if fully set forth herein.

13. The Lease contains an implied covenant of good faith and fair dealing such that neither party to the Lease will act as to deprive the other party of its rights and benefits.

14. Skyworks had an obligation and duty to act in good faith and to deal fairly with SIG 110 in connection with the Lease and its exercise of the Termination Option, and to pay the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions as required by the Termination Option.

15. Skyworks breached its obligation and duty to act in good faith and to deal fairly with SIG 110 as set forth above.

16. SIG 110 has been damaged by reason of Skyworks' breach of its obligation and duty in an amount to be determined by the Court.

**WHEREFORE**, SIG 110 requests judgment be entered in its favor and against Skyworks, as follows:

11

    a. Declaring Skyworks' exercise of the Termination Option to be ineffective;

    b. Awarding damages;

    c. Awarding interest;

    d. Awarding attorney's fees and costs; and

    e. Awarding such other relief as the Court determines is equitable, fair and just.

## THIRD COUNT
### (Unjust Enrichment)

17. SIG 110 repeats the allegations contained in the prior paragraphs of the Counterclaim as if fully set forth herein.

18. As a result of its wrongful and inequitable misconduct as set forth above, Skyworks has been unjustly enriched at the expense of SIG 110.

19. SIG 110 has been damaged by reason of Skyworks' unjust enrichment by Skyworks withholding from payment and retaining the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions as required by the Termination Option.

20. The value of Skyworks' unjust enrichment is equivalent to the unamortized costs of the Tenant Improvements, and the abated rent and brokers commissions that were to paid to SIG 110 as required by the Termination Option.

WHEREFORE, SIG 110 requests judgment be entered in its favor and against Skyworks, as follows:

    a. Declaring that Skyworks has been unjustly enriched at the expense of SIG 110;

    b. Awarding damages for unjust enrichment;

    c. Awarding interest;

    d. Awarding attorney's fees and costs; and

    e. Awarding such other relief as the Court determines is equitable, fair and just.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendant

By: _____
    LUKE J. KEALY

Dated: September 23, 2021